**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARTHA TURNER,** | ) | |
| | ) | **No. 12 CV 10229** |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **CAROLYN W. COLVIN, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | **January 6, 2015** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiff Martha Turner's motion for fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(a), (d). Turner seeks $12,133 in fees. For the following reasons, Turner's motion is granted:

**Background**

Turner applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits on December 12, 2007, alleging that she became disabled on September 8, 2007, from a back injury "resulting from being hit by a large object." (See Administrative Record ("A.R.") 83, 86.) On September 8, 2009, an administrative law judge ("ALJ") determined that Turner was not disabled, (id. at 39-49), and the Appeals Council subsequently denied Turner's request for review, (id. at 3-8), rendering the ALJ's decision the final decision of the Commissioner. Turner then sought judicial review, (R. 1, Compl.), and this court granted her motion for summary judgment and remanded the case for further proceedings. (R. 28.)

As a "prevailing party," Turner now seeks an award of $12,133[1] in fees under the EAJA. (R. 30, Pl.'s Mot. at ¶ 11.) Turner's request reflects 64 attorney hours billed at a rate of $187.50 per hour, plus 1.4 hours of legal assistant time billed at a rate of $95 per hour. (Id.) The government does not object to Turner's entitlement to her fees as a prevailing party, the billing of the legal assistant's time, or the total number of hours for which Turner seeks compensation. (See R. 33.) However, the government opposes Turner's request, arguing that she has not proven facts that would allow her to exceed the statutory rate-cap of $125 per hour for attorney time. (Id. at 2-5.)

## Analysis

According to the EAJA, an award of attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *Bias v. Astrue*, No. 11 CV 2247, 2013 WL 615804, at *1 (N.D. Ill. Feb 15, 2013). Because the EAJA compensation arrangement was last modified in 1996, the Seventh Circuit recognizes that "given the passage of time since the establishment of the hourly rate, a cost-of-living adjustment is warranted." *Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008). But the EAJA does not automatically entitle any party to a cost-of-living adjustment, and no

---

[1] Turner's original request sought $11,701.75 in fees, (R. 30, Pl.'s Mot. at ¶ 11), but because her attorney spent more time replying to the Commissioner's opposition, she seeks additional fees to cover 2.3 additional attorney hours, (R. 34, Pl.'s Reply at 4-5).

such entitlement is presumed by the courts. *Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011).

The leading case on EAJA fees in this circuit is *Matthews-Sheets*, in which the Seventh Circuit explained that "[i]nflation affects different markets, and different costs in the same market, in different ways." *Id.* at 563. After *Matthews-Sheets*, it is incumbent on the party seeking fees to show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* But the Seventh Circuit has not laid out a particular method by which a lawyer must demonstrate that inflation has increased the cost of legal services. Some courts have required the prevailing party to show both that inflation has increased the cost of adequate representation *and* that no competent counsel was willing to take the case at the statutory rate. *See, e.g., Oatis v. Astrue*, No. 10 CV 6043, 2012 WL 965104, at *1 (N.D. Ill. Mar. 20, 2012). Others have recognized that a showing of either inflation *or* lack of competent counsel is sufficient to justify a rate increase under the EAJA. *See, e.g., Sommer v. Colvin*, No. 11 CV 50318, 2014 WL 3866254, at *3 n.2 (N.D. Ill Aug. 6, 2014).

This court follows the majority approach in this circuit and requires a showing of only one of the two factors—inflation or lack of competent counsel—to justify a rate increase. *See Cobb v. Colvin*, No. 11 CV 8847, 2013 WL 1787494, at *2 (N.D. Ill. Apr. 25, 2013); *Sommer*, 2014 WL 3866254 at *2. With respect to the EAJA inflation analysis, this court has adopted the two-step approach set out in *Mireles v. Astrue*, No. 10 CV 6947, 2012 WL 4853065, at *3 (N.D. Ill. Oct. 11, 2012),

requiring prevailing parties to make a showing that: (1) the cost of living has increased in the region; and (2) that attorney costs have increased concomitantly with inflation. *See Cobb*, 2013 WL 1787494 at *2. Therefore, in order for Turner to prevail, she must demonstrate that: (1) the cost of living in the region has indeed increased to the degree of her requested adjustment; and (2) her attorney's costs have increased in a manner tending to show that inflation has raised those costs. *Id.* (citing *Mireles*, 2012 WL 4853065 at *3).

In support of her request for fees at the rate of $187.50 per hour, Turner offers several facts to show that this case merits compensation above the presumptive $125 ceiling from the 1996 legislation. To meet the first showing that the cost of living in the region has increased, Turner attaches to her motion an abbreviated printout copy of the Consumer Price Index Table showing the impact of inflation for urban residents in the 10 years preceding 2012. (R. 30, Pl.'s Mot., Ex. A.) Next, to show that her attorney's costs have increased with inflation, Turner attaches the affidavits of six different attorneys who practice in relevant legal fields tending to establish that the prevailing market rate for the legal services Turner received ranges from $250 to $550 per hour for experienced attorneys. (Id. at ¶ 14, Exs. D, E, F, G, H, I.) Turner's attorney also represents to the court that his customary hourly rate is $300 per hour. (Id. at ¶ 14.) Further, Turner's attorney provides evidence that his business costs have increased. Specifically, his office rent has increased 3 percent per annum since 1996, his employees' salaries have increased between 3 and 5 percent over the same period,

and his healthcare costs have doubled in that time. (Id. at ¶ 16.) Turner's attorney represents that the increase in rent and salary payments is attributable to inflation. (Id.) In addition to these factors, the court notes that the hourly rate requested by Turner is comparable to the prevailing market rate. *See Bias*, 2013 WL 615804 at *2 (granting a $181.25 hourly rate under the EAJA); *Shipley v. Astrue*, No. 10 CV 1311, 2012 WL 1898867, at *3-4 (S.D. Ind. May 23, 2012) (granting a $175.75 hourly rate under the EAJA); *Gonzalez v. Astrue*, No. 10 CV 899, 2012 WL 1633937, at *2 (S.D. Ind. May 9, 2012) (granting a $180.23 hourly rate under the EAJA). All of this evidence points squarely to the conclusion that inflation has increased the costs Turner's attorney must incur to adequately represent her against the government. *See Mathhews-Sheets*, 653 F.3d at 563.

The government's lone argument in opposition to Turner's request is that Turner has failed to connect inflation to the higher fees. The government points to *Sprinkle v. Astrue,* No. 09 CV 5042, Doc. No. 27 (N.D. Ill. May 29, 2013) and Doc. No. 37 (N.D. Ill. Oct. 4, 2013),[2] and *Oatis v. Astrue*, No. 10 CV 6043, 2012 WL 965104, at *1 (N.D. Ill. Mar. 20, 2012), for the proposition that cost-of-living increases are insufficient to prove the effect of inflation on attorney fees in order to obtain compensation at a greater rate than $125 per hour. According to the government, Turner's request is inadequate because she has "merely shown that

---

[2] The government neglects to mention in its opposition that the *Sprinkle* decision is on appeal before the Seventh Circuit pending a ruling (*Sprinkle*, No. 13-3654 (7th Cir. argued Sept. 30 2014)).

the cost of living has increased, she has not carried the burden of proving that her counsel is entitled to an enhanced fee." (R. 33 at 6.)

But the legal basis for the government's opposition is shaky for several reasons. The government's reliance on *Oatis* is misplaced because that case dealt with a litigant who attempted to prove inflation "merely [by] list[ing] awards received by her counsel in other cases" and failing to make "even a minimal effort to show that the cost-of-living factor warrants an increase[d] award consistent with the requirement set forth in *Matthews-Sheets*." 2012 WL 965104 at *1. But here, Turner has gone beyond a mere listing of awards and has supplemented her request with direct assertions of fact that inflation has increased the cost of relevant legal services in this region, and to Turner's attorney in particular. (See R. 30, Pl.'s Mot., ¶¶ 14-18.) Those facts include evidence that the costs of everything from rent to payroll to healthcare costs have increased for Turner's attorney in the relevant period.

*Sprinkle* presents a closer case. There, a request was made to exceed the $125 per hour fee cap with very similar factual assertions by the prevailing party, represented by the same attorney representing Turner here. Specifically, the *Sprinkle* plaintiff offered to prove entitlement to enhanced fees by providing a table from the Consumer Price Index, attorney affidavits, and representations that inflation is the cause of increased costs and therefore the cause of the need for increased fees. No. 09 CV 5042, Doc. No. 27 at 1-2. But the court in *Sprinkle* found that the plaintiff's assertions were "conclusory" and insufficient to meet the burden

to prove that inflation "has increased the cost of providing *adequate* legal services." *Id.* (emphasis in original). But it is unclear exactly what burden of proof EAJA movants must satisfy. From this court's reading of *Matthews-Sheets*, the primary concern was that "the lawyer seeking such an adjustment [to the EAJA fee cap] must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." 653 F.3d at 563. To make that showing, "[a]n inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64. What the court meant by "reference" was left undefined. *See id.*

The subsequent case of *Willoughby v. Astrue*, 945 F. Supp. 2d 968, 970-72 (N.D. Ill. 2013), provides useful color to the *Matthew-Sheets* requirements. In *Willoughby*, the plaintiff's attorney declined to provide information about personal circumstances because it would entail "hours going through a warehouse of receipts and expenditures." *Id.* at 971. The district court found that although the plaintiff's attorney supplied information about prevailing market rates and the Consumer Price Index, the refusal to supply any information specific to the attorney's practice failed the "personal circumstances" requirement under *Matthews-Sheets*. *Id. accord Butler v. Colvin*, No. 10 CV 607-WDS, 2013 WL 1834583, at *2-3 (S.D. Ill. May 1, 2013) (requiring attorneys to provide individualized information about inflation to meet the "reference" standard). Given that the Seventh Circuit requires only a "reference" connecting inflation and "the particular circumstances of the lawyer," *see Matthews-Sheets*, 653 F.3d at 563-64, the court thinks it is unlikely that the

Seventh Circuit intends trial courts to hold mini-hearings on EAJA motions to receive expert opinions on the impact of cost-of-living increase on law firm balance sheets before allowing a rate adjustment. Accordingly, the court concludes that the information Turner's attorney has supplied linking inflation to his operations costs is a sufficient "reference" to his particular circumstances. *See id.*

The government also fails to cite or distinguish any of the prior decisions of this court rejecting nearly identical arguments filed in opposition to EAJA fee increases. In fact, the government does not even cite *Cobb*, a case in which this court expressly adopted the *Mireles* approach, nor does the government cite any other opinion issued by this court regarding the sufficiency of proof to overcome the 1996 fee cap of the EAJA. *See, e.g., Ibarra-Montufar v. Colvin*, No. 12 CV 736, 2013 WL 6507865 (N.D. Ill. Dec. 12, 2013) (rejecting a nearly identical argument by the Commissioner in this case as one that "lacks legal or factual support"); *Flores v. Colvin*, No. 13 CV 2521, 2014 WL 4784077 (N.D. Ill. Sept. 25, 2014) (awarding fees above $125 per hour based on facts nearly identical to Turner's). And, to the extent that the government is arguing that Turner's attorney should reveal the various financial details of his law practice and a matrix of various costs to an inflationary analysis, the Supreme Court has already eschewed the idea of wading into detailed accounting of individual law firms to determine compensation under the EAJA in other circumstances, and has expressed a preference for simpler calculations. *See Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 588-89 (2008) ("It strains credulity that Congress would have abandoned [the] predictable, workable framework [of

8

market practice] for the uncertain and complex accounting requirements that a cost-based rule would inflict . . . ."). The government has not persuaded the court to change its course on the standard of proof for enhanced EAJA fees. Perhaps the Seventh Circuit in *Sprinkle* will provide additional guidance in this area when ruling on the pending appeal. But, at the present time, this court finds that Turner's factual showing is adequate to establish EAJA attorney fees at a rate of $187.50 per hour.

## Conclusion

For the foregoing reasons, Turner's motion for an award of fees under the EAJA is granted in the amount of $12,133.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**